## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Gillman and Boxley Aggregates**
**of West Virginia, LLC d/b/a Boxley Materials,**
**Defendants Below, Petitioners**

**vs) No. 17-0237** (Raleigh County 13-C-375-K)

**Jessica Morton,**
**Plaintiff Below, Respondent**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners William Gillman and Boxley Aggregates of West Virginia, LLC d/b/a Boxley Materials, by counsel Christopher J. Sears, appeal the Circuit Court of Raleigh County's February 10, 2017, order following a non-jury trial finding in favor of respondent related to an automobile accident. Respondent Jessica Morton, by counsel Benny G. Jones, filed a response in support of the circuit court's order. Petitioners also submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 14, 2011, Respondent Jessica Morton was driving a pick-up truck in Beckley, West Virginia, and Petitioner William Gillman, an employee of Boxley Materials, was operating a water tanker truck as part of his job duties. While traveling from Boxley Materials' quarry toward Beckley, Mr. Gillman pulled the truck off the road into the Bradley PSD entrance to turn around. After turning the truck on the PSD premises, Mr. Gillman was pulling onto a roadway to return to the Boxley Materials facility. Meanwhile, respondent rounded a curve, and the two were involved in a vehicle accident. Respondent alleged below that she suffered serious and permanent injuries to her right knee, head, and back and incurred medical bills in the amount of $55,309.53. Respondent filed her complaint on May 9, 2013, alleging negligence against petitioners.

The parties agreed to conduct a bench trial, which trial took place on October 31, 2016. Following the bench trial, the circuit court entered is February 10, 2017, "Order Following Non-Jury Trial." The circuit court found that the tanker truck driven by Mr. Gillman was unlicensed and unregistered but was equipped with emergency flashing lights at the time of the incident. It further found that Mr. Gillman did not have the correct driver's license or proper endorsements to operate the water tanker truck on the highway. The circuit court determined that while Mr.

1

Gillman did not see any vehicles approaching when he

> commenced to drive the water tanker truck onto the highway . . . after reaching the highway, he observed [respondent's] pick-up truck approaching. [Mr.] Gillman did not know how far his water tanker truck had proceeded onto the highway before he first spotted [respondent's] vehicle coming toward him. . . . When [he] first observed [respondent's] pickup-truck, he was only partially blocking the roadway, but decided to continue to drive across the roadway, thereby blocking any possible avenues of escape for [respondent].

Respondent's vehicle struck the water tanker truck at a right angle on the front left corner of the tanker truck.

In its order, the circuit court noted that Mr. Gillman and respondent were the only witnesses to the accident. Respondent testified that she came around the curve traveling at twenty-eight to thirty miles per hour (in a forty mile per hour zone) and noticed petitioners' truck pulling out in front of her. She tried to brake, blew her horn, and swerved to the right to avoid hitting it. However, she could not avoid the collision. The circuit court found that, unlike respondent's testimony, Mr. Gillman's testimony was not straight forward, noting that he could not recall pertinent aspects of the incident; he was also unable to provide some basic information about the tanker truck and the accident itself. Mr. Gillman responded on numerous occasions that he did not know, could not say, or could not remember. Therefore, the circuit court found respondent's testimony to be more credible than Mr. Gillman's and accorded Mr. Gillman's testimony "no significant weight."

The circuit court concluded that while both Mr. Gillman and respondent were negligent, Mr. Gillman was at fault for the subject accident, stating that had he promptly stopped his vehicle after seeing respondent he would have left an escape route open for her to take to avoid impact. Instead, he continued pulling onto the roadway, negligently blocking both lanes of the road. It noted that the parties had agreed that respondent's injuries were proximately caused by this accident and that the total medical bills of $55,309.53 were necessary and reasonable. The parties also agreed that respondent would not present a claim at trial for future medical bills. The circuit court awarded respondent $165,000 in damages but attributed 20% of the negligence to her, so it reduced that award to $132,000, plus post-judgment interest and costs.[1] The circuit court also awarded respondent pre-judgment interest on her medical bills but also reduced that by 20%. In that order, the circuit court also denied petitioners' motion for judgment as a matter of law. Petitioners appeal from that order.

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied.

---

[1] The circuit court's February 10, 2017, order does not set forth the basis for the amount of the judgment. However, in addition to the $55,309.53 in medical bills, respondent requested damages for pain and suffering, mental anguish, and annoyance and inconvenience. Further, petitioner did not assign error to the amount of the award to respondent.

The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

Petitioners' single assignment of error is essentially that the circuit court erred by failing to employ the sudden emergency doctrine in analyzing the facts and circumstances of the accident. In support of this assertion, petitioners argue that Mr. Gillman was confronted with a sudden emergency because respondent came into view after Mr. Gillman had already begun pulling onto the roadway.

In order to determine whether the sudden emergency doctrine is applicable, a court must determine the following:

(1) Whether the defendant was confronted with a sudden emergency; (2) if so, whether the emergency was created by the defendant; and (3) if the defendant was confronted with a sudden emergency not created in whole or in part by his own negligence, whether in the circumstances of such emergency he acted as a reasonably prudent person would have acted in like circumstances.

*Reilley v. Byard*, 146 W. Va. 292, 299-300, 119 S.E.2d 650, 654-55 (1961). However, we have also held as follows:

The sudden emergency doctrine is not applicable when a motorist is faced with nothing more than "an everyday traffic problem for which he should have been prepared." *Finley* [*v. Wiley*]*,* 246 A.2d [715] at 719 [(1968)].

[S]ome "emergencies" must be anticipated, and the actor must be prepared to meet them when he engages in an activity in which they are likely to arise. Thus, under present day traffic conditions, any driver of an automobile must be prepared for the sudden appearance of obstacles and persons in the highway, and of other vehicles at intersections, just as one who sees a child on the curb may be required to anticipate its sudden dash into the street, and his failure to act properly when they appear may be found to amount to negligence. (Footnotes omitted).

In such situations when the "emergency" should have been anticipated, the ordinary rules of negligence are applicable and provide an adequate gauge by which to appraise a party's conduct. *See Finley, supra.*

*Moran v. Atha Trucking, Inc.*, 208 W. Va. 379, 389, 540 S.E.2d 903, 913 (1997).

3

Despite petitioner's representations in his briefs before this Court, during trial petitioner testified as follows:

> Q: And how far was the front of your truck out in the road [when you saw the white truck driven by respondent coming from your left]?
> A: I do not know.
> Q: How far was the white truck away from you when you first saw the white truck?
> A: I do not know that.
> Q: How fast was the white truck going towards – coming towards you when you first saw it?
> A: I could not say.
> Q: How fast were you going when you first saw the white truck?
> A: I could not say. Approximately two – one mile an hour, two mile an hour. It's [sic] very slow.
> Q: And how far had you entered out in the highway when you first saw it?
> A: I do not know.
> Q: Well, you told us four feet before. Is that not accurate?
> A: I do not know.
>                                   ***
> Q: . . . So did you think [respondent] was speeding?
> A: I could not say at that time.

As we stated in *Moran*, "[a] sudden emergency instruction is to be given rarely, in instances of truly *unanticipated* emergencies which leave a party little or no time for reflection and deliberation, and not in cases involving everyday traffic accidents arising from sudden situations which, nevertheless, reasonably prudent motorists should expect." Syl. Pt. 5, *id.* (emphasis in original). Based on petitioner's own testimony, we find that the circuit court did not err in failing to employ the sudden emergency doctrine, particularly in light of the fact that it found negligence on the part of respondent and reduced her award accordingly.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker